1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VILLA,<br><br>                Petitioner,<br><br>      v.<br><br>THOMAS SCHULTE, Warden<br><br>               Respondent. | Civil No.    15-0416 LAB (BLM)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and has paid the filing fee. Upon review of the Petition, the Court finds it must be dismissed for lack of subject matter jurisdiction.

### FAILURE TO ALLEGE CUSTODY UNDER STATE COURT CONVICTION

Upon review of the documents filed in this case, Petitioner is not in the custody of the State of California, nor was he when he filed the Petition. In the Petition filed February 24, 2015, Petitioner lists his address as: 1064 Normandy Hill Lane, Encinitas, California 92024. "Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." *Maleng v.* ///

1   *Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see*

2   *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

3       The Supreme Court's interpretation of the "in custody" language has not required

4   "actual" custody (i.e., that petitioner be physically confined when he challenges his

5   conviction on habeas corpus). For example, the Supreme Court has held that a petitioner

6   who was on parole when he filed his petition was in "constructive" custody sufficient to

7   satisfy the "in custody" requirement. *See Jones v. Cunningham*, 371 U.S. 236 (1963).

8       Nonetheless, the "in custody" requirement, for purposes of federal habeas relief,

9   does not extend to the situation where a "habeas petitioner suffers no present restraint

10  from a conviction." *Maleng*, 490 U.S. at 492. "The custody requirement of the habeas

11  corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe

12  restraints on individual liberty." *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). As

13  a result, "its use has been limited to cases of special urgency, leaving more conventional

14  remedies for cases in which the restraints on liberty are neither severe nor immediate."

15  *Id*.

16      Here, Petitioner challenges a temporary restraining order issued against him in

17  Orange Country Superior Court. Petitioner has not alleged that he was in either actual

18  or constructive custody at the time he filed the Petition. *See Rouse v. Plummer*, 2006 WL

19  3507945, at *5 (N.D. Cal. Dec.1, 2006) (rejecting Petitioner's habeas corpus petitions

20  challenging the validity of the restraining orders against him on the ground that he was

21  not "in custody" for purposes of § 2254); *see also Strout*, 2004 WL 1571768, at *3;

22  *Rouse v. Chen*, 2002 WL 826835, at *1 (N.D. Cal. Apr. 19, 2002) (holding that Court

23  lacked subject matter jurisdiction over habeas petition challenging the validity of a PFA

24  civil order since petitioner was not "in custody" under the [protection] order for purposes

25  of § 2254); *Jones v. McKibben*, 1994 WL 62105, at *1 (N.D. Cal. Feb. 8, 1994).

26      Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of

27  a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits

28  annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4,

28 U.S.C. foll. § 2254.  Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged he was in actual or constructive custody of the State of California when he filed his § 2254 Petition in this Court.  Accordingly, the Court **DISMISSES** the action for lack of jurisdiction.

      **IT IS SO ORDERED.**

DATED:  September 30, 2015

_Larry A. Burns_
HONORABLE LARRY ALAN **BURNS**
**United States District Judge**